IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, ) | |
| JOHN DOE 4 and JOHN DOE 5, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Jane Doe, by way of her Complaint against defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4 and John Doe 5, alleges:

### THE PARTIES

1. At all relevant times, plaintiff Jane Doe is and has been a resident of the State of New Jersey.

2. Upon information and belief, defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 are all individuals and residents of the State of Delaware. The identities of these defendants are currently unknown.

### NATURE OF THE ACTION

3. This is a civil action for money damages. This action is based upon Delaware law.

4. This action stems from false and defamatory statements regarding plaintiff Jane Doe that were anonymously posted on the website juicycampus.com by the defendants. As a result of these postings, plaintiff has suffered loss of reputation as well as significant psychological and economic injuries.

## JURISDICTION AND VENUE

5.  This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of costs.

6.  For the reasons set forth herein, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and 28 U.S.C. §§ 1391(a)(2).

## BACKGROUND

7.  Plaintiff Jane Doe is, and at all times relevant was, a student at the University of Delaware.

8.  Juicycampus.com is an internet-based website on which college students are permitted and encouraged to post gossip about others at their school. As the website itself explains prominently on its home page, "This is the place to spill the juice about all the crazy stuff going on at your campus. It's totally anonymous – no registration, login, or email verification required."

9.  Beginning in September 2008, anonymous posts that defamed plaintiff Jane Doe began appearing on juicycampus.com. A number of these posts may, in fact, have been made by the same person. However, because there is currently no way to presently discern the identities of the posters, each post will be treated herein as if written by a separate defendant.

10. On September 18, 2008, John Doe 1 posted a statement on juicycampus.com that referred to plaintiff as "cum dumpster" and included several vulgar, scurrilous and false claims about plaintiff's sexual history.

11. On September 19, 2008, John Doe 2 posted a statement on juicycampus.com that portrayed plaintiff Jane Doe's sexual history in a vulgar and scurrilous

fashion, referred to her as a "whore" and falsely claimed that she had "laid up" with three different men in one night.

12. On September 24, 2008, John Doe 3 posted a statement on juicycampus.com that referred to plaintiff Jane Doe as a "fucking whore" and further characterized her sexual history in a vulgar, scurrilous and false fashion.

13. On September 24, 2008, John Doe 4 posted a statement on juicycampus.com that identified plaintiff Jane Doe as one of the "biggest slut[s]" at the University of Delaware.

14. On September 27, 2008, John Doe 5 posted a statement on juicycampus.com that called plaintiff Jane Doe a "slut" and further disparaged plaintiff Jane Doe by falsely portraying her as sexually promiscuous.

15. As a result of the foregoing posts on juicycampus.com, plaintiff Jane Doe has suffered significant injury, including but not limited to, psychological impairment, emotional distress, loss of reputation, distraction from schoolwork and prospective economic loss. Plaintiff's relationship with her family and friends has also suffered because of the extensive allegations concerning her sexual behavior.

## COUNT I
(Libel)

16. Paragraphs 1 through 15 above are incorporated by reference as if fully set forth herein.

17. The defendants knowingly published statements about Jane Doe that were false and that maligned her reputation.

18. These defamatory statements identified Jane Doe by name and were published in written form on the internet for third parties to read, and third parties did in fact read these statements and understand them to be defamatory of plaintiff's character.

19. Plaintiff has suffered injuries as a result of the publication of these defamatory statements.

## COUNT II
(False Light)

20. Paragraphs 1 through 19 above are incorporated by reference as if fully set forth herein.

21. The statements concerning plaintiff Jane Doe posted by the defendants placed plaintiff in a false light before the public.

22. The defendants knew of or acted in reckless disregard as to the falsity of these statements and the false light in which plaintiff would be placed.

23. The false light in which plaintiff has been placed is highly offensive to any reasonable person.

24. Plaintiff has suffered injuries as a result of the false light she has been placed in as a result of these defamatory statements.

## COUNT III
(Intrusion Of Right To Privacy)

25. Paragraphs 1 through 24 above are incorporated by reference as if fully set forth herein.

26. Plaintiff Jane Doe is a private citizen and has never been convicted of a crime of moral turpitude.

27. The statements concerning plaintiff Jane Doe posted by the defendants involve subject matters that violate ordinary notions of decency and are not of a legitimate public concern.

28. Plaintiff Jane Doe has a right to be let alone and the defendants' public statements about her constitute an improper invasion of plaintiff's private affairs.

29. Plaintiff has suffered injuries as a result of the defendants' invasion of her right to privacy.

COUNT IV
(Intentional Infliction Of Emotional Distress)

30. Paragraphs 1 through 29 above are incorporated by reference as if fully set forth herein.

31. The conduct of the defendants in publishing defamatory statements concerning plaintiff Jane Doe was extreme and outrageous and directed toward plaintiff.

32. The defendants intended and/or acted with reckless disregard of the knowledge that the consequences of their behavior would cause emotional distress to plaintiff Jane Doe.

33. The defendants' conduct did in fact cause plaintiff Jane Doe to suffer emotional distress.

34. Plaintiff has suffered injuries as a result of the defendants' intentional infliction of emotional distress.

COUNT V
(Interference With Prospective Business Relationships)

35. Paragraphs 1 through 34 above are incorporated by reference as if fully set forth herein.

36. As a college student, plaintiff Jane Doe is furthering the pursuit of her chosen career. In so doing, plaintiff has pursued employment opportunities with several businesses.

37. The defendants intended and/or acted with reckless disregard of the knowledge that the consequences of their behavior would interfere with plaintiff's ability to secure employment after college.

38. The defendants' conduct did in fact interfere with plaintiff's prospective employment opportunities.

39. Plaintiff has suffered injuries as a result of the defendants' intentional interference with her prospective business relationships and/or prospective employment.

WHEREFORE plaintiff Jane Doe respectfully requests that judgment be entered in her favor and against defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4 and John Doe 5, as follows:

(a) Requiring defendants to engage in corrective action, including but not limited to a retraction of the false statements from juicycampus.com, a publication of a corrected post on this website, and a suitable public apology;

(b) Awarding plaintiff compensatory damages;

(c) Awarding plaintiff punitive damages;

(d) Awarding plaintiff the expenses she has incurred in connection with this action, including but not limited to costs and reasonable attorneys' fees; and

(e) Awarding any and other such relief which shall be afforded to plaintiff as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
Justin B. Shane (#4912)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jshane@mnat.com

*Attorneys for Plaintiff Jane Doe*

*Of Counsel*:

James J. O'Hara
John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
(973) 292-1700

November 3, 2008